**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| CHAMPION LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-3372 |
| | ) | |
| SEYMOUR ROTHSTEIN, ET AL., | ) | Judge Rebecca Pallmeyer |
| | ) | |
| Defendants. | ) | |
| ---------------------------------------------------------------- | ) | |
| | ) | |
| SEYMOUR ROTHSTEIN, JOSEPH M. KUO and | ) | |
| OLSON & CEPURITIS, LTD., | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PAUL T. OLSZOWKA, BRIAN W. LEWIS, | ) | |
| BARNES & THORNBURG, LLP, ROBERT L. | ) | |
| WAGNER, EDWARDS WILDMAN a/k/a | ) | |
| EDWARDS WILDMAN PALMER,  LLP f/k/a | ) | |
| WILDMAN, HARROLD, ALLEN & DIXON, | ) | |
| LLP, MICHAEL J. SCHAENGOLD and | ) | |
| PATTON BOGGS, LLP, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## THIRD PARTY COMPLAINT

NOW COME Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M.

KUO and OLSON & CEPURITIS, LTD. by their attorneys Michael J. Flaherty, C. Corey S.

Berman and the law firm of Flaherty & Youngerman, P.C., and, as and for their Third Party

Complaint against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES

& THORNBURG, LLP, ROBERT L. WAGNER, EDWARDS WILDMAN a/k/a EDWARDS

WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP,

MICHAEL J. SCHAENGOLD, and PATTON BOGGS LLP, and state as follows:

1

## JURISIDICTION AND PARTIES

1.      The Court has jurisdiction over this third party action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441 and 1446 and Federal Rule of Civil Procedure 14(a).

2.      At all times relevant herein, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN ("ROTHSTEIN") and JOSEPH M. KUO ("KUO") were residents of the state of Illinois and doing business as licensed attorneys in Chicago, Illinois.

3.      At all times relevant herein, ROTHSTEIN and KUO were employed by and agents of Defendant/Third Party Plaintiff OLSON & CEPURITIS, LTD.

4.      At all times relevant herein, OLSON & CEPURITIS, LTD. was a corporation doing business as a law firm under the laws of the state of Illinois.

5.      At all times relevant herein, Third Party Defendant PAUL T. OLSZOWKA ("OLSZOWKA") was a resident of the state of Illinois.

6.      At all times relevant herein, Third Party Defendant BRIAN W. LEWIS ("LEWIS") was a resident of the state of Illinois.

7.      At all times relevant herein, OLSZOWKA and LEWIS were licensed attorneys in the state of Illinois.

8.      At all times relevant herein and through approximately October 2010, OLSZOWKA and LEWIS were employed by and agents of Third Party Defendant WILDMAN, HARROLD, ALLEN & DIXON, LLP ("the WILDMAN firm").

9.      At all times relevant herein after approximately October 2010, OLSZOWKA and MILLER have been employed by and agents of Third Party Defendant BARNES & THORNBURG, LLP.

10.     At all times relevant herein, Third Party Defendant BARNES & THORNBURG, LLP was a domestic limited liability partnership registered in the state of Indiana and doing business as a law firm in Chicago, Illinois.

11.     At all times since the filing of CHAMPION'S Complaint herein, Third Party Defendant ROBERT L. WAGNER ("WAGNER") has been a resident of the state of Pennsylvania.

12.     At all times relevant herein and into 2010, WAGNER was employed by and an agent of Third Party Defendant the WILDMAN firm.

13.     At all times relevant herein prior to October 2011, Third Party Defendant the WILDMAN firm was a limited liability partnership doing business as a law firm in Chicago, Illinois.

14.     Pursuant to a merger in or about October 2011, Third Party Defendant the WILDMAN firm merged with Edwards Angell Palmer & Dodge, LLP and is now doing business as a limited liability partnership known as EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP in Chicago, Illinois.

15.     At all times relevant herein, Third Party Defendant MICHAEL J. SCHAENGOLD ("SCHAENGOLD") was a resident of Washington, D.C.

16.     At all times relevant herein, SCHAENGOLD was a licensed attorney in the state of Maryland and the District of Columbia.

17.     At all times relevant herein, SCHAENGOLD was employed by and an agent of Third Party Defendant PATTON BOGGS, LLP.

18.     At all times relevant herein, Third Party Defendant PATTON BOGGS, LLP was a limited liability partnership doing business as a law firm in Washington, D.C. and doing business as Plaintiff CHAMPION LABORATORIES, INC.'s hired law firm.

3

19. At all times relevant herein, every Third Party Defendant represented Plaintiff CHAMPION LABORATORIES, INC. as one of its lawyers and/or law firms, including having filed an Appearance on behalf of CHAMPION in the lawsuit captioned *Parker-Hannifin Corporation et al. v. Champion Laboratories, Inc., No. 07-CV 1375* in the United States District Court for the Northern District of Ohio, Eastern Division ("the Lawsuit").

20. At all times relevant herein, each and every Third Party Defendant owed a duty of care to provide legal services to CHAMPION at the quality of a reasonably competent attorney providing the same or similar legal services.

21. CHAMPION filed a Complaint in this matter against Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. (collectively "O&C") purporting to allege professional negligence, among other things, related to the defense of the Lawsuit ("the Complaint").

## COUNT I

**(Contribution for Count I of Complaint - PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD)**

22. Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 21 above as though fully set forth herein.

23. In Count I of the Complaint, CHAMPION alleges that O&C was negligent in advising CHAMPION in 2006 and 2007 that the accused fuel filter did not infringe a patent owned by Parker-Hannifin Corporation and known as Patent No. 6,643,446 ("the '446 Patent"). CHAMPION alleges that if O&C had advised CHAMPION that in 2006 or 2007 that the accused filter infringed the '446 Patent, CHAMPION would have "avoided the adverse jury verdict and

subsequent damages and expenses of litigation" from the Lawsuit that Parker-Hannifin filed in May 2007.

24.     CHAMPION hired Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or before April 2007 to represent CHAMPION with respect to claims that CHAMPION was asserting or was planning to assert against Parker-Hannifin concerning Parker-Hannifin's alleged commercial disparagement of the accused filter.

25.     As part of its legal work for CHAMPION, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or about May 2007 obtained and reviewed CHAMPION'S design for the accused filter as well as the '446 Patent, and were aware that Parker-Hannifin was accusing CHAMPION of infringing the '446 Patent.

26.     At all relevant times, CHAMPION had other patent attorneys who were advising CHAMPION regarding the claims that Parker-Hannifin was asserting against CHAMPION related to the accused patent, including WAGNER, who was a registered patent attorney.

27.     On information and belief, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or about May 2007 advised CHAMPION that accused filter did not infringe the '446 Patent.

28.     In the alternative to the preceding allegation, at no time during its representation of CHAMPION did OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm advise CHAMPION that the accused filter infringed the '446 Patent.

29.     Additionally, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm expressly or implicitly advised CHAMPION that the '446 Patent was invalid when OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm filed a reexamination submission of the '446 Patent with the United States Patent and Trademark Office.

5

30.     If the trier of fact determines that O&C breached its duty of care to CHAMPION with respect to Count I of Plaintiff's Complaint, which O&C denies, then Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm breached their duty of care to Plaintiff by committing one or more of the following acts or omissions:

> a.     advising Plaintiff that the accused filter did not infringe the '446 Patent; and/or
>
> b.     failing to advise Plaintiff that the accused filter infringed the '446 Patent; and
>
> c.     advising Plaintiff that the '446 Patent was invalid.

31.     Plaintiff's alleged damages in Count I of its Complaint were proximately caused by one or more of the foregoing acts or omissions of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and the WILDMAN firm.

32.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of the negligence of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm.

33.     Pursuant to the merger, EDWARDS WILDMAN assumed and became responsible for all existing or potential liabilities of the WILDMAN firm, including all liabilities with respect to any breach of the WILDMAN firm's or its attorneys' professional obligations to their clients, including CHAMPION.

34.     From and after March 1, 1978, there was in full force and effect in Illinois a statute entitled "An Act in Relation to Contribution Among Joint Tortfeasors," 74C ILCS 1001.01-5 et seq. (the "Contribution Act"), which applies to actions for contribution arising on or after March 1, 1978, including the instant action.

6

35.     By virtue of the Contribution Act, if Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD, by way of contribution, in the amount of any judgment entered against Defendants/Third Party Plaintiffs in excess of Third Party Plaintiffs' pro rata share of liability, and in an amount commensurate with the relative culpability of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP in causing or contributing to the damages to the Plaintiff.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment for contribution in their favor and against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP, in an amount commensurate with the relative degree of fault of the parties, together with Defendants/Third Party Plaintiffs' costs of this action.

## COUNT II

### (Contribution for Count III of Complaint - PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD)

36.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 21 above as though fully set forth herein.

37.     In Count III of the Complaint, CHAMPION alleges that O&C was negligent in its defense of the Lawsuit with respect to the selection and preparation of expert witness William Mahon. CHAMPION alleges that but for the negligent selection and preparation of Mr. Mahon, CHAMPION would have been likely to prevail at trial.

38.     CHAMPION initially hired Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or before April 2007 to represent it in the commercial disparagement case.

39.     In addition to hiring Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or before April 2007 to represent CHAMPION with respect to claims that CHAMPION was asserting or was planning to assert against Parker-Hannifin concerning Parker-Hannifin's alleged commercial disparagement of the accused filter, CHAMPION also hired and paid Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm to represent CHAMPION in defense of the Lawsuit.

40.     OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm filed Appearances in the Lawsuit on behalf of CHAMPION.

41.     As part of their legal work for CHAMPION with respect to the defense of the Lawsuit as well as the defense of the commercial disparagement suit, OLSZOWKA, LEWIS,

8

WAGNER and the WILDMAN firm recommended that William Mahon be selected as CHAMPION's expert opinion witness.

42. As part of its legal work for CHAMPION with respect to the defense of the Lawsuit, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm prepared William Mahon to testify as CHAMPION's expert opinion witness.

43. If the trier of fact determines that O&C breached its duty of care to CHAMPION with respect to Count III of Plaintiff's Complaint, which O&C denies, then Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm breached their duty of care to Plaintiff by committing one or more of the following acts or omissions:

      a.      failing to select an expert witness to testify in CHAMPION'S defense whose qualifications were sufficient;

      b.      failing to select a qualified expert witness;

      c.      failing to properly prepare Mahon for his testimony;

      d.      failing to supply Mahon with an English translation of the Takashi patent;

      e.      failing to supply Mahon with the prosecution history of the '446 Patent;

      f.      failing to insure Mahon read the entire prosecution history of the '446 Patent; and

      g.      failing to insure that Mahon had reviewed a patent's prosecution history.

44. Plaintiff's alleged damages in Count III of its Complaint were proximately caused by one or more of the foregoing acts or omissions of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and the WILDMAN firm.

45. If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability

they deny, it will be on account of the negligence of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm.

46.     Pursuant to the merger, EDWARDS WILDMAN assumed and became responsible for all existing or potential liabilities of the WILDMAN firm, including all liabilities with respect to any breach of the WILDMAN firm's or its attorneys' professional obligations to their clients, including CHAMPION.

47.     From and after March 1, 1978, there was in full force and effect in Illinois a statute entitled "An Act in Relation to Contribution Among Joint Tortfeasors," 74C ILCS 1001.01-5 et seq. (the "Contribution Act"), which applies to actions for contribution arising on or after March 1, 1978, including the instant action.

48.     By virtue of the Contribution Act, if Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP, by way of contribution, in the amount of any judgment entered against Defendants/Third Party Plaintiffs in excess of Third Party Plaintiffs' pro rata share of liability, and in an amount commensurate with the relative culpability of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP in causing or contributing to the damages to the Plaintiff.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment for contribution in their favor and against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD, in an amount commensurate with the relative degree of fault of the parties, together with Defendants/Third Party Plaintiffs' costs of this action.

## COUNT III

**(Implied Contractual Indemnity for Count III of Complaint - PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD)**

49.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 21 and 37 through 44 above as though fully set forth herein.

50.     At all times relevant herein, Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm had an express or implied contractual relationship with CHAMPION to provide legal services to CHAMPION with respect to the subject patent infringement issues.

51.     The terms of such contractual relationship included the obligation for Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm to exercise due care to provide legal services to CHAMPION at the quality of a reasonably competent attorney providing the same or similar legal services

52.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W.

11

LEWIS, ROBERT L. WAGNER and the WILDMAN firm's breach of their contractual obligations with CHAMPION by failing to use due and reasonable care with respect to the selection of Mahon as CHAMPION'S expert witness.

53.     Pursuant to the merger, EDWARDS WILDMAN assumed and became responsible for all existing or potential liabilities of the WILDMAN firm, including all liabilities with respect to any breach of the WILDMAN firm's or its attorneys' professional obligations to their clients, including CHAMPION.

54.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff with respect to Count III of Plaintiff's Complaint, which liability they deny, it will be because Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and WILDMAN firm, and each of them, breached their contractual obligations to CHAMPION as set forth above at Paragraph 43.

55.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff with respect to Count III of Plaintiff's Complaint, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP, by way of indemnification for the full amount of any judgment entered against Defendants/Third Party Plaintiffs.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment in indemnity against Third Party Defendants PAUL T.

OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD, in the amount of any judgment entered against Defendants/Third Party Plaintiffs, together with Defendants/Third Party Plaintiffs' costs of this action.

## COUNT IV

**(Contribution for Count IV of Complaint - PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD)**

56.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 21 above as though fully set forth herein.

57.     In Count IV of the Complaint, CHAMPION alleges that O&C was negligent in its defense of the Lawsuit with respect to the use or non-use of an "advice of counsel" defense to CHAMPION'S allegations of willful patent infringement. CHAMPION alleges that had an "advice of counsel" defense been used, CHAMPION more than likely would have prevailed on Parker-Hannifin's willful infringement claim or, in the alternative, Parker-Hannifin's entire claim.

58.     In addition to hiring Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm in or before April 2007 to represent CHAMPION with respect to claims that CHAMPION was asserting or was planning to assert against Parker-Hannifin concerning Parker-Hannifin's alleged commercial disparagement of the accused filter, CHAMPION also hired and paid Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm to represent CHAMPION in defense of the Lawsuit.

59.     OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm filed Appearances in the Lawsuit on behalf of CHAMPION.

60.     As part of its legal work for CHAMPION with respect to the defense of the Lawsuit, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm recommended to CHAMPION that an "advice of counsel" defense not be raised in the Lawsuit.

61.     In the alternative to the preceding allegation, as part of its legal work for CHAMPION with respect to the defense of the Lawsuit, OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm failed to recommend to CHAMPION that it raise an "advice of counsel" defense.

62.     If the trier of fact determines that O&C breached its duty of care to CHAMPION with respect to Count IV of Plaintiff's Complaint, which O&C denies, then Third Party Defendants OLSZOWKA, LEWIS, WAGNER and the WILDMAN firm breached their duty of care to Plaintiff by committing one or more of the following acts or omissions:

    a.     failing to advise Plaintiff to assert an "advice of counsel" defense;

    b.     advising Plaintiff not to assert an "advice of counsel" defense.

63.     Plaintiff's alleged damages in Count IV of its Complaint were proximately caused by one or more of the foregoing acts or omissions of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and the WILDMAN firm.

64.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of the negligence of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm.

65.     Pursuant to the merger, EDWARDS WILDMAN assumed and became responsible for all existing or potential liabilities of the WILDMAN firm, including all liabilities with respect

to any breach of the WILDMAN firm's or its attorneys' professional obligations to their clients, including CHAMPION.

66. From and after March 1, 1978, there was in full force and effect in Illinois a statute entitled "An Act in Relation to Contribution Among Joint Tortfeasors," 74C ILCS 1001.01-5 et seq. (the "Contribution Act"), which applies to actions for contribution arising on or after March 1, 1978, including the instant action.

67. By virtue of the Contribution Act, if Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP, by way of contribution, in the amount of any judgment entered against Defendants/Third Party Plaintiffs in excess of Third Party Plaintiffs' pro rata share of liability, and in an amount commensurate with the relative culpability of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP in causing or contributing to the damages to the Plaintiff.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment for contribution in their favor and against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN,

HARROLD, ALLEN & DIXON, LLP, in an amount commensurate with the relative degree of fault of the parties, together with Defendants/Third Party Plaintiffs' costs of this action.

## COUNT V

**(Implied Contractual Indemnity for Count IV of Complaint - PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD)**

68.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 21 and 57 through 64 above as though fully set forth herein.

69.     At all times relevant herein, Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm had an express or implied contractual relationship with CHAMPION to provide legal services to CHAMPION with respect to the subject patent infringement issues.

70.     The terms of such contractual relationship included the obligation for Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm to exercise due care to provide legal services to CHAMPION at the quality of a reasonably competent attorney providing the same or similar legal services

71.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and the WILDMAN firm's breach of their contractual obligations with CHAMPION by failing to use due and reasonable care with respect to advising CHAMPION to use an "advice of counsel" defense.

72.     Pursuant to the merger, EDWARDS WILDMAN assumed and became responsible for all existing or potential liabilities of the WILDMAN firm, including all liabilities with respect

to any breach of the WILDMAN firm's or its attorneys' professional obligations to their clients, including CHAMPION.

73. If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff with respect to Count III of Plaintiff's Complaint, which liability they deny, it will be because Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and WILDMAN firm, and each of them, breached their contractual obligations to CHAMPION as set forth above at Paragraph 62.

74. If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff with respect to Count IV of Plaintiff's Complaint, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER, and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN, HARROLD, ALLEN & DIXON, LLP, by way of indemnification for the full amount of any judgment entered against Defendants/Third Party Plaintiffs.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment in indemnity against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, ROBERT L. WAGNER and EDWARDS WILDMAN a/k/a EDWARDS WILDMAN PALMER, LLP f/k/a WILDMAN HARROLD, in the amount of any judgment entered against Defendants/Third Party Plaintiffs, together with Defendants/Third Party Plaintiffs' costs of this action.

17

## COUNT VI

### (Contribution – PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS LLP)

75.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 74 above as though fully set forth herein.

76.     Final judgment was entered in the Lawsuit on May 3, 2010.

77.     Third Party Defendants PAUL T. OLSZOWKA and BRIAN W. LEWIS became employed by Third Party Defendant BARNES & THORNBURG, LLP in or about October 2010.

78.     CHAMPION'S post-trial motion was denied on March 17, 2011.

79.     On April 15, 2011, OLSZOWKA, LEWIS and BARNES & THORNBURG filed a Notice of Appeal on CHAMPION'S behalf.

80.     On May 31, 2011, OLSZOWKA, LEWIS and BARNES & THORNBURG filed a second Notice of Appeal on CHAMPION'S behalf.

81.     CHAMPION retained and paid Third Party Defendants MICHAEL J. SCHAENGOLD and PATTON BOGGS LLP to participate with OLSZOWKA, LEWIS and BARNES & THORNBURG in the preparation and prosecution of the appeal.

82.     CHAMPION'S appeal was meritorious and would have been successful in reversing the judgment in favor of Parker-Hannifin in the Lawsuit.

83.     On or about September 13, 2011, notwithstanding the likelihood of success of the appeal, CHAMPION entered into a settlement agreement with Parker-Hannifin, which settlement resulted in the dismissal of the appeal.

84.     On information and belief, OLSZOWKA, LEWIS, BARNES & THORNBURG, SCHAENGOLD and PATTON BOGGS failed to advise CHAMPION that its appeal would have

been successful and further failed to advise CHAMPION not to enter into a settlement agreement with Parker-Hannifin.

85.     Plaintiff's alleged damages in its Complaint were proximately caused by one or more of the foregoing acts or omissions of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP.

86.     If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of the negligence of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP.

87.     From and after March 1, 1978, there was in full force and effect in Illinois a statute entitled "An Act in Relation to Contribution Among Joint Tortfeasors," 74C ILCS 1001.01-5 et seq. (the "Contribution Act"), which applies to actions for contribution arising on or after March 1, 1978, including the instant action.

88.     By virtue of the Contribution Act, if Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP by way of contribution, in the amount of any judgment entered against Defendants/Third Party Plaintiffs in excess of Third Party Plaintiffs' pro rata share of liability, and in an amount commensurate with the relative culpability

of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP in causing or contributing to the damages to the Plaintiff.

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment for contribution in their favor and against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP in an amount commensurate with the relative degree of fault of the parties, together with Defendants/Third Party Plaintiffs' costs of this action.

## COUNT VII

### (Implied Indemnity – PAUL T. OLSZOWKA, BRIAN W. LEWIS, BARNES & THORNBURG, LLP)

89.     Third Party Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 74 above as though fully set forth herein.

90.     Final judgment was entered in the Lawsuit on May 3, 2010.

91.     Third Party Defendants PAUL T. OLSZOWKA and BRIAN W. LEWIS became employed by Third Party Defendant BARNES & THORNBURG, LLP in or about October 2010.

92.     CHAMPION'S post-trial motion was denied on March 17, 2011.

93.     On April 15, 2011, OLSZOWKA, LEWIS and BARNES & THORNBURG filed a Notice of Appeal on CHAMPION'S behalf.

94.     On May 31, 2011, OLSZOWKA, LEWIS and BARNES & THORNBURG filed a second Notice of Appeal on CHAMPION'S behalf.

95.     CHAMPION retained and paid Third Party Defendants MICHAEL J. SCHAENGOLD and PATTON BOGGS LLP to participate with OLSZOWKA, LEWIS and BARNES & THORNBURG in the preparation and prosecution of the appeal.

96.     CHAMPION'S appeal was meritorious and would have been successful in reversing the judgment in favor of Parker-Hannifin in the Lawsuit.

97.     On or about September 13, 2011, notwithstanding the likelihood of success of the appeal, CHAMPION entered into a settlement agreement with Parker-Hannifin, which settlement resulted in the dismissal of the appeal.

98.     On information and belief, OLSZOWKA, LEWIS, BARNES & THORNBURG, SCHAENGOLD and PATTON BOGGS failed to advise CHAMPION that its appeal would have been successful, or that the appeal had a reasonable likelihood of being successful, and further failed to advise CHAMPION not to enter into a settlement agreement with Parker-Hannifin.

99.     Third Party Plaintiffs had a pre-tort relationship with OLSZOWKA and LEWIS inasmuch as they all rendered services jointly to a mutual client, CHAMPION, at all relevant times until after the final judgment was entered on May 3, 2010, when CHAMPION isolated and removed Third Party Plaintiffs from the retention.

100.    Based on the advice and counsel of OLSZOWKA, LEWIS and BARNES & THORNBURG, LLC, CHAMPION settled the Lawsuit rather than prosecuting the appeal that it had started.

101.    Third Party Plaintiffs did not advise CHAMPION to settle the Lawsuit and are blameless with respect to CHAMPION'S failure to prosecute what would have been a successful appeal.

102.    Plaintiff's alleged damages in its Complaint were proximately caused by one or more of the foregoing acts or omissions of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS and BARNES & THORNBURG, LLP.

103.    If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. are found liable to Plaintiffs in this action, which liability they deny, it will be on account of the negligence of Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS and BARNES & THORNBURG, LLP.

104.    If Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. are found liable to Plaintiff, which liability they deny, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO and OLSON & CEPURITIS, LTD. will be entitled to judgment against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS, and BARNES & THORNBURG, LLP, MICHAEL J. SCHAENGOLD and PATTON BOGGS, LLP by way of implied indemnity, in the full amount of any judgment entered against Defendants/Third Party Plaintiffs

WHEREFORE, Defendants/Third Party Plaintiffs SEYMOUR ROTHSTEIN, JOSEPH M. KUO AND OLSON & CEPURITIS, LTD. pray that in the event a judgment is entered against them in this action, that they be granted judgment for implied indemnity in their favor and against Third Party Defendants PAUL T. OLSZOWKA, BRIAN W. LEWIS and BARNES & THORNBURG, LLP, for the full amount of any judgment entered against Defendants/Third Party Plaintiffs, together with Defendants/Third Party Plaintiffs' costs of this action.

22

SEYMOUR ROTHSTEIN, ET AL.

By:   /s/ C. Corey S. Berman
      One of the attorneys for Defendants
      Third Party Plaintiffs

Michael J. Flaherty, Esq. (ARDC #6187147)
C. Corey S. Berman, Esq. (ARDC #6203763)
Flaherty & Youngerman, P.C.
20 S. Clark Street, Suite 1050
Chicago, IL 60603
312-782-4700